4995.

(Court of Appeal, Parish of Orleans).

## ABRY BROTHERS vs. E. M. REYNES, ET ALS.

1. That portion of Act 16 of 1910 which relates to appeals from City Courts of New Orleans is not a local or special legislation within the purview of Article 48 of the Constitution, and, moreover, the statute having been enacted in response to express power or authority conferred by Article 104 of the Constitution, it is not amendable to the restrictions imposed by Article 48.

2. Under Act 16 of 1910 judgments of this court on appeals from the City Courts of New Orleans become final on the sixth calendar day after rendition, and application for rehearing filed on such day comes too late.

Appeal from the First City Court, Division "C."

Geo. Montgomery and G. Fernandez, for plaintiff and appellant.

Jas. T. Nix, Legier & Gleason and J. J. Ritayik, for defendant and appellee.

GODCHAUX, J.—There has been referred to and argued and submitted before this Court **en banc** a motion to dismiss an application for a rehearing applied for after judgment in a case on appeal from the City Court of New Orleans. The grounds of the motion being that, under Act 16 of 1910, the judgment of this Court, rendered on November 9, 1910, became final and executory on November 15, 1910, and that consequently the application for a rehearing, which was filed upon that date, came too late.

The motion to dismiss the application for a rehearing is resisted on the grounds which we will now consider.

1. It is urged that Act 16 of 1910, insofar as it undertakes to fix the delays within which judgments on ap-

peal from City Court cases in the Parish of Orleans shall become final, being a special or local law, is violative of Article 48 of the Constitution, which provides that no special or local law shall be passed by the General Assembly on certain subjects therein specified, and is also violative of Article 50, which prescribes that no local or special law on any subject not designated in Article 48, shall be passed without prior notice of an intention to enact having been published.

Act 16 of 1910 provides:

> "That judgments rendered in the Courts of Appeal of the State shall become final and executory on the fifteenth calendar day after the rendition, except in cases of appeal from the City Courts of the City of New Orleans which shall be and become final on the sixth calendar day after rendition, etc."

Inasmuch as that statute relates to one of the subjects specifically enumerated in Article 48 of the Constitution, namely: "Regulating the Practice or Jurisdiction of any Court, etc.," and inasmuch as Article 50 deals only with subjects not designated in Article 48, the provisions of Article 50 can have no bearing upon this controversy and the sole question presented is whether or not the statute is violative of Article 48, which absolutely and unconditionally forbids the enactment of any local or special law regulating the practice or jurisdiction of any court.

The contention that the act is a local or special law because it relates to the Parish of Orleans alone in so far as its provisions pertain to appeals from City Courts of New Orleans, cannot be sustained in the light of repeated holdings, to the contrary, by our Supreme Court in similar cases.

In **State vs. Dalon, 35 An. 1141,** in response to the contention therein that Act No. 98 of 1880, was a local or

special law, because it pertained solely to the Criminal District Court for the Parish of Orleans, the Court said:

> "The argument, that a law which relates solely to the machinery of a court of justice having jurisdiction over the territory of one parish only, is a local or special law, because it does not operate throughout the whole State and all the parishes thereof, is perfectly preposterous, and so hollow that it cannot stand criticism.
>
> "The real distinction between public or general laws is, that the former affect the community as a whole whether throughout the State or one of its sub-divisions; and the latter affect private persons, private property, private or local private interests."

This case was approved in **State vs. Beeber, 44 An. 1013**, and again in **State vs. Murray, 47 An. 1428**, and the language of the last paragraph quoted above recently received the express approval of the court in **Benedict vs. City of New Orleans, 115 La. 646.**

Under the principle thus enacted it is impossible to hold that the act in question evidences local or special legislation.

There is another view which effectually disposes of the constitutional question raised, for, conceding that the act is a local or special law, it was enacted under direct authority of Article 104 of the Constitution, which provides that the rules of practice in the Supreme Court shall apply to appeals and proceedings in the Courts of Appeal, until otherwise provided; and, being thus enacted in response to express constitutional authority, such a law, irrespective of its special or local character, is beyond the scope of Article 48 which prohibits local or special legislation.

> "We have held in three cases that where the Constitution has, in express terms, conferred on the

— 142 —

General Assembly the duty, or even the power, to adopt legislation on a particular subject, even though local in character, such duty and power are not subject to the restrictions imposed by Article 48. Taxpayers vs. City, 33 An. 568; Davidson vs. Houston, 35 An. 492; State vs. Dalon, 35 An. 1142."

> Excelsior Planting & Mnf. Co., vs. Green, 39 An. 455; See also State ex rel Levy vs. Judge, 39 An. 889; State vs. Dalon, supra; Benedict vs. City, supra.

The Court is of the opinion that the act in question is not violative of the constitutional provisions referred to.

2. Act 16 of 1910, provides that judgments on appeal in City Court cases "shall be and become final on the sixth calendar day after rendition." The judgment of this Court having been rendered on November 9, 1910, and the sixth calendar day after its rendition being November 15, 1910, it is claimed, on one hand, that the delay for applying for a rehearing extended until the expiration of the latter day, that being the day upon which the application was filed; while, on the other hand, it is contended that the judgment became final and the delay for applying for a rehearing consequently expired, at the beginning of the sixth day.

The latter view is the proper one, for the Supreme Court recently, in two cases wherein a similar provision in the statute (Act 223 of 1908), regulating the time within which the judgments of that court shall become final was considered, held rehearings must be filed prior to the day upon which the statute provides that judgments shall become final.

> Gurley vs. City of New Orleans and Ansley vs. Stewart, Nos. 17185 and 16149 of the docket of the Supreme Court. Not reported.

Being of the opinion that the judgment rendered on the 9th, of November, became final and executory on the sixth calendar day after rendition, namely, November 15th, the application for a rehearing filed on that date, came too late and the same is accordingly dismissed.

January 23, 1911.

Writ denied by Supreme Court, March 1, 1911.